UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |
|---|---|
| JAMES C. JUSTICE COMPANIES, INC., SOUTHERN COAL CORPORATION, SOUTHERN COAL SALES CORPORATION, VIRGINIA FUEL CORPORATION, KENTUCKY FUEL CORPORATION, TAMS MANAGEMENT, INC., A & G COAL CORPORATION, BLACK RIVER COAL, LLC, JUSTICE LOW SEAM MINING, INC. and SEQUOIA ENERGY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>XCOAL ENERGY & RESOURCES, XCOAL ENERGY & RESOURCES, LLC and ERNIE L. THRASHER,<br><br>Defendants. | Case No. 7:14CV00170 |

## COMPLAINT

Plaintiffs, James C. Justice Companies, Inc. ("JCJC"), Southern Coal Corporation ("SCC"), Southern Coal Sales Corporation ("SCS"), Virginia Fuel Corporation ("VFC"), Kentucky Fuel Corporation ("KFC"), Tams Management, Inc. ("TMI"), A & G Coal Corporation ("A & G"), Black River Coal, LLC ("BRC"), Justice Low Seam Mining, Inc. ("JLS") and Sequoia Energy, LLC ("Sequoia Energy"), for their Complaint against the defendants, Xcoal Energy & Resources ("Xcoal"), Xcoal Energy & Resources, LLC ("Xcoal LLC" and, together with Xcoal, "the Xcoal defendants"), and Ernie L. Thrasher ("Thrasher"), allege and state:

## THE PARTIES, JURISDICTION AND VENUE

1. JCJC is Delaware corporation with its principal place of business in Roanoke, Virginia.

2. SCC is a Delaware corporation with its principal place of business in Roanoke, Virginia. SCC is affiliated with JCJC and the other plaintiffs.

3. SCS is a Delaware corporation with its principal place of business in Roanoke, Virginia. SCS is a wholly-owned subsidiary of SCC.

4. VFC is a Delaware corporation with its principal place of business in Roanoke, Virginia. VFC is a wholly-owned subsidiary of SCC.

5. KFC is a Delaware corporation with its principal place of business in Roanoke, Virginia. KFC is a wholly-owned subsidiary of SCC.

6. TMI is a West Virginia corporation with its principal place of business in Roanoke, Virginia. TMI is a wholly-owned subsidiary of SCC.

7. A & G is a Virginia corporation with its principal place of business in Roanoke, Virginia. A & G is a wholly-owned subsidiary of SCC.

8. BRC is a Delaware corporation with its principal place of business in Roanoke, Virginia. BRC is a wholly-owned subsidiary of SCC.

9. JLS is a West Virginia corporation with its principal place of business in Roanoke, Virginia. JLS is a wholly-owned subsidiary of SCC.

10. Sequoia Energy is a Kentucky corporation with its principal place of business in Roanoke, Virginia. Sequoia Energy is a wholly-owned subsidiary of SCC.

11. Xcoal is, upon information and belief, a Pennsylvania limited partnership with its principal place of business in Latrobe, Pennsylvania. Upon information and belief, none of Xcoal's partners are citizens or residents of Delaware or Virginia.

12.  Xcoal LLC is, upon information and belief, a Pennsylvania limited liability company with its principal place of business in Latrobe, Pennsylvania. Upon information and belief, none of Xcoal's members are citizens or residents of Delaware or Virginia.

13.  Thrasher, upon information and belief, is a citizen and resident of Florida, and he is the principal owner of the Xcoal defendants as well as Xcoal LLC's managing partner.

14.  This Court has subject matter jurisdiction over this action because it is between citizens and residents of different states and because the amount in controversy, excluding interest and costs, exceeds the sum of $75,000.

15.  The Xcoal defendants are subject to jurisdiction in this Court because the claims asserted herein arise, in material part, from their doing business in Virginia including, *inter alia*, from entering into contracts which were to be performed by Xcoal in Virginia inclusive of a Mutual Release.

16.  Thrasher is subject to jurisdiction in this Court because the claims asserted herein arise, in material part, from the Mutual Release entered in Virginia and torts committed in and injury incurred by plaintiffs in Virginia and because he caused and directed the Xcoal defendants' acts of doing business in Virginia out of which this action arises.

17.  Venue is proper in this Court because a substantial portion of the events and omissions giving rise to this action took place in this District. Venue is also proper because this action arises from defendants' breach of a Mutual Release, which agreement sets forth the following:

[redacted]

███████████████████

18. On June 18, 2012, plaintiffs in this action commenced an action against defendants in this action that was filed at Case No. 7:12cv00265 (the "Lawsuit"). As set forth in plaintiffs' pleadings in the Lawsuit, defendant's illegal actions caused plaintiffs extreme financial duress.

19. In order to resolve the Lawsuit, plaintiffs in good faith, under the financial duress that defendants had caused, and believing that defendants were acting in good faith entered into a settlement of the Lawsuit that involved the signing of the Mutual Release.

20. ████████████████████████████████████████████████████████████████████████████████

21. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

22. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████



27. Based on the belief that defendants would act in good faith regarding the Mutual Release and the varying commitments required of those defendants by the Mutual Release and the various agreements entered pertaining to the Mutual Release, plaintiffs agreed to the dismissal of their claims in the Lawsuit.

28. Compliance with the Mutual Release and the terms of the various agreements that were required by the Mutual Release were essential terms of the bargain for the Mutual Release.

29. Defendants, however, did not and have not proceeded to perform the commitments required of them and have in fact acted fraudulently as to plaintiffs with respect to the duties of defendants to perform. The illegal actions of the defendants are a continuation of the same kind of

wrongful actions that led to the filing of the Lawsuit jeopardizing hundreds of jobs in this District and elsewhere.

30. ████

████

████

████

████

b. Defendants represented that they had existing contracts with Norfolk Southern Railway that would permit defendants to charge plaintiffs those rates with respect to shipments of coal. But defendants did not have those existing contracts and have been attempting to charge freight rates at higher than those to which defendants committed.

c. Additionally, upon information and belief defendants after execution of the Mutual Release and Coal Supply Agreement and to plaintiffs' detriment, have entered into new agreements with Norfolk Southern Railway specific to plaintiffs' coal delivers providing for higher rates than those represented to plaintiffs.

d. Defendants' representations about their existing railroad freight rate contracts with Norfolk Southern Railway to deliver the coal they proposed to buy from SCS, as set forth in the paragraph above, were false and constitute a misrepresentation of existing fact, which defendants made in order to induce SCS's reliance thereupon. ████

████

████

████ SCS justifiably relied upon defendants' misstatements by entering into

the Mutual Release. Plaintiffs' reliance upon defendants' misrepresentations and fraudulent conduct has inured to their detriment.

e. █████████████████████████████████
█████████████████████████████████
█████████████████████████

f. █████████████████████████████████
███████

g. █████████████████████████████████
█████████████████████████████████
█████████████████████████████████
███████████████████████████

h. █████████████████████████████████
█████████████████████████

31. Following receipt of the Notice of Default, defendants have intentionally and willfully engaged in a further fraudulent course of conduct. Plaintiffs did not know that defendants were acting in bad faith.

32. Since the Notice of Default, defendants have issued a number of letters to plaintiffs in an effort to disguise the fact that defendants were not going to make any further payment for shipped coal.

33. Since the Notice of Default, defendants hurriedly ordered trains of coal for all vols of coal required of it.

34. Prior to the Notice of Default, defendants had not ordered trains of coal for all vols of coal required to be ordered.

35. Based on information and belief, defendants had no intent to pay for these trains of coal but were engaged in a subterfuge and fraud to induce having these shipments fulfilled without any intent to pay for them.

36. █████████████████████████████████████████████
███████████████████████

37. █████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
█████████

39. ████████████████████████████████████████████
████████████████████████████████████████████████
███████████████

40. ████████████████████████████████████████████
██████████████████████████████████████

41. ████████████████████████████████████████████
████████████████████████████████████

Wherefore, plaintiffs pray for the following relief:

(a) A declaratory judgment finding that the conduct of the defendants has resulted in a material breach of the Mutual Release that thereby permits plaintiffs to void the Mutual Release and that permits plaintiffs to proceed under the Lawsuit.

(b) Entry of an order that prohibits the defendants from taking any action in any other forum except this one that has jurisdiction over an action involving the Mutual Release.

(c) Such other relief as is just and proper under the circumstances.

Respectfully submitted,

By: /s/ Allen W. A.J. Dudley, Jr.
Allen W. "A.J." Dudley, Jr., (vsb #44013)
*General Counsel for Litigation and Risk*
Dustin M. Deane (vsb # 83804)
*Associate General Counsel*
James C. Justice Companies, Inc. and Affiliates
302 S. Jefferson Street
Roanoke, Virginia 24011
Telephone (540) 776-7890
Facsimile (540) 301-5919
   *for Plaintiffs*